

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-28-2004

# Amer Fedr Govt Empl v. Styles

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1291

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Amer Fedr Govt Empl v. Styles" (2004). *2004 Decisions*. Paper 31.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/31

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1291
_____

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; BOBBY
L. HARNAGE, NATIONAL PRESIDENT AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO, LOCAL 2006; AMERICAN FEDERATION
OF GOVERNMENT EMPLOYEES, AFL-CIO, LOCAL 940; JUDY XIMINES;
JAMES R. HESLIN

Appellants

v.

ANGELA B. STYLES, ADMINISTRATOR; UNITED STATES OFFICE OF
MANAGEMENT AND BUDGET; AUSTIN SMYTHE, ACTING DIRECTOR,
UNITED STATES OFFICE OF MANAGEMENT AND BUDGET

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cv-3944)
District Judge: Hon. Harvey Bartle III
_____

Argued December 6, 2004

BEFORE: AMBRO, and VAN ANTWERPEN, <u>Circuit Judges</u> and SHADUR,[1] <u>Senior
District Judge</u>

(Filed December 28, 2004)

_____

[1] Honorable Milton I. Shadur, Senior United States District Judge for the Northern
District of Illinois, sitting by designation.

Martin R. Cohen, Esq. (Argued)
American Federation of Government Employees
Suite 117
10 Presidential Boulevard
Bala Cynwyd, Pennsylvania 19004

*Counsel for Appellants*

Peter D. Keisler, Esq.
Patrick L. Meehan, Esq.
Mark B. Stern, Esq.
Thomas M. Bondy, Esq. (Argued)
United States Department of Justice
Civil Division, Room 9548
601 D Street, N.W.
Washington, D.C. 20530

*Counsel for Appellees*

_____

OPINION

_____

VAN ANTWERPEN, <u>Circuit Judge</u>

Because we write only for the parties, we need not restate the facts of this case. Before this Court, Appellant union articulates only two injuries for which it seeks redress: (1) the union's overall goals and mission of promoting the welfare and morale of its members have been frustrated by the OMB Circular alleged to contain an illegal, overly-inclusive definition of "inherently governmental work," and (2) the union has been forced to expend additional resources to respond to the OMB Circular.

The District Court concluded that the union and its members had not demonstrated injury-in-fact and therefore granted the Government's motion to dismiss. We now affirm

2

the decision of the District Court.

Article III's cases and controversies requirement demands that all litigants in federal court demonstrate that they have suffered a concrete, legally cognizable injury-in-fact that is either actual or imminent. U.S. Const. art. III, § 2. It is incumbent on the party invoking federal jurisdiction to establish this and every other prerequisite for standing. *FW/PBS Inc. v. Dallas*, 493 U.S. 215, 231 (1990).

In this case, the union has failed to allege an injury-in-fact sufficient to defeat the Government's motion to dismiss. As to the union's first alleged injury, frustration of its organizational goals, we conclude that any damage that has occurred to the union members' morale and welfare is not a legally cognizable interest. The union has pointed to no cases in which a federal employee's concern that his job may be improperly outsourced has been recognized as a legally cognizable interest, nor can we find one. Instead, the union merely points to *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), for support. In *Havens*, the Supreme Court concluded that a fair housing organization had suffered injury to its organizational goals sufficient to confer Article III standing when two minority testers were discriminated against by a particular housing unit. In that case, the plaintiff organization was able to point to a right to equal access to housing information for minorities, a legally protected interest guaranteed by the Fair Housing Act that was infringed upon by the housing unit's racial discrimination. Here by contrast, the union can point to no constitutional, statutory or common law ground in

3

which a federal employee's right to peace of mind against potential improper outsourcing is enshrined. As such, the union's first alleged interest is not legally cognizable.

The union's second alleged injury fares little better. Regardless of whether or not the union has or will continue to expend funds in response to what it perceives as an unlawful definition in the OMB Circular, the fact remains that the union cannot point to a single job that has been improperly outsourced. As such, its preemptive action, while perhaps prudent, cannot be the basis for injury sufficient to satisfy Article III. To hold otherwise would allow the union to manufacture its injury-in-fact, *cf. Fair Hous. Council of Suburban Phila. v. Montgomery Newspapers*, 141 F.3d 71, 79 (3d Cir. 1998), and effectively eviscerate the Article III bar. Until such time as wrongful job loss is either actual or imminent, any amount of resources diverted by the union to prepare for this "someday occurrence" is not sufficient injury to confer standing.

Because the union has not alleged a legally cognizable injury-in-fact that is either actual or imminent, we affirm the decision of the District Court.